69 F.3d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marshel ROBINSON, Plaintiff-Appellant,
v.
Edward L. EVANS, Larry A. Fields, and State of Oklahoma,
Defendants-Appellees.
 No. 95-6093.
(D.C.No. CIV-93-2140-R).
 United States Court of Appeals, Tenth Circuit.
 Oct. 27, 1995.
 
 ORDER AND JUDGMENT[1]
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.[2]
 
 
 1
 Plaintiff Marshel Robinson is an inmate of the Oklahoma Department of Corrections serving a 25 year sentence for robbery with a firearm after a felony conviction. While at the James Crabtree Correctional Center, Helena, Oklahoma, Plaintiff filed this pro se civil rights action, 42 U.S.C.1983, against Edward L. Evans, warden of the correctional center, and Larry A. Fields, director of the department.[3] In his complaint, Plaintiff alleged violations of his First, Fourth, and Fourteenth Amendment rights resulting from certain institutional procedures; namely, (1) grievance procedures, (2) laundry procedures, (3) medical prescription procedures, (4) emergency medical procedures, (5) visitation procedures, and (6) information access procedures. Plaintiff requested $500,000.00 damages.[4]
 
 
 2
 The district court dismissed Plaintiff's complaint for failure to state a cause of action. Fed.R.Civ.P. 12(b)(6). The court held that the facts which Plaintiff alleged did not establish any deprivation of constitutional rights. Our review is de novo. Gillihan v. Shillinger, 872 F.2d 935, 938 (10th Cir.1989) (accepting complaint's allegations as true and viewing them liberally, in a light most favorable to pro se plaintiff). Jurisdiction arises under 28 U.S.C. 1291. We have reviewed the parties' briefs, the pleadings, the district court's order, and the entire record before us, and affirm.
 
 
 3
 We agree with the district court substantially for the reasons set forth in its order dismissing Plaintiff's complaint. Vol. I, doc. # 25. The Constitution does not protect every "change in the conditions of confinement having a substantial adverse impact on the prisoner." Meachum v. Fano, 427 U.S. 215, 224 (1976). In Sandin v. Conner, 115 S.Ct. 2293 (1995), the Supreme Court admonished federal courts not to become involved in daily prison operations which would further limit scarce judicial resources. Id. at 2299. To do so would--
 
 
 4
 run counter to the view expressed in several [Supreme Court] ... cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Such flexibility is especially warranted in the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims....
 
 
 5
 Id. (citations omitted). Nearly fifty years ago, the Supreme Court recognized that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). The conditions and procedures about which Plaintiff complains are normal incidents of prison life. Accordingly, the judgment of the district court is
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 [3]
 To the extent Plaintiff attempts to sue the State of Oklahoma, the Eleventh Amendment bars such attempt. U.S. Const. amend. XI. See generally Erwin Cherminsky, Federal Jurisdiction 367-419 (2d ed.1994)
 
 
 [4]
 Plaintiff also requested restoration of his visiting privileges with Margaret Robinson. According to the record, those privileges were suspended from October 2, 1993 to January 2, 1994, because Plaintiff was caught with contraband following a visit from Robinson. Vol. I, doc. # 13. Because Plaintiff's visiting privileges with Robinson presumably have been restored, that issue is moot. See generally Cherminsky, supra, at 125-42